IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARLON D. NICHOLSON                                            PLAINTIFF

vs.                                                     CASE NO.: _____

KING AUTOMOTIVE, LLC                                       DEFENDANT

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Marlon D. Nicholson (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, King Automotive, LLC (hereinafter "Defendant"), for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and in support thereof states as follows:

### NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of

worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorney's fees and costs.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et. seq. (hereinafter the "FLSA") to recover unpaid overtime, an additional equal amount as liquidated damages, declaratory relief, and reasonable attorney's fees and costs.

5. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

6. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part of the events giving rise to Plaintiff's claims occurred in Cheatham County, Tennessee.

## PARTIES

8. At all material times hereto, Plaintiff, Marlon D. Nicholson, was employed as a technician by Defendant and performed related activities on behalf of Defendant in Cheatham County, Tennessee.

9. At all material times hereto, Defendant, King Automotive, LLC, operated and conducted business in and among, Cheatham County, Tennessee; therefore venue is proper in the Middle District of Tennessee, Nashville Division.

## COVERAGE

10. At all material times hereto, Plaintiff was an "employee" within the meaning of the FLSA.

11. At all material times hereto, Defendants were the "employer" within the meaning of the FLSA.

12. At all material times hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13. At all material times hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. At all material times hereto, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

15. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times during 2014.

16. At all material times hereto, Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for

-3-

Case 3:16-cv-00556   Document 1   Filed 03/11/16   Page 3 of 9 PageID #: 3

commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

17. At all material times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

18. At all material times hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

19. At all material times hereto, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) hours within a workweek.

## FACTUAL ALLEGATIONS

20. Defendant, King Automotive, LLC, is a company which serves as an automotive dealership and also provides diagnostic and repair services to its customers.

21. Plaintiff worked as a service technician for Defendant and performed related activities, including but not limited to performing repair and diagnostic work on customer's cars.

22. Plaintiff's rate of pay was $12.00 per hour.

23. Defendant paid Plaintiff $12.00 per hour for all hours worked, including hours of worked over forty (40) in a given week, in violation of the FLSA.

24. Plaintiff worked from approximately June 11, 2014 to March 25, 2015.

25. At all times material hereto, Plaintiff routinely worked hours in excess of forty (40) hours per week for Defendant. Plaintiff approximately worked forty-eight (48) hours per week.

26. Although Plaintiff routinely worked overtime hours, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

27. Plaintiff should have been compensated at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek, as required by the FLSA.

28. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

29. At all material times hereto, Defendant violated Title 29 U.S.C. § 207, in that:

    a. Plaintiff worked in excess of forty (40) hours per workweek for the period of employment with Defendant;

    b. No payment or provisions for payment were made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hour per workweek, as provided by the FLSA; and

    c. Defendant has failed to maintain proper time records as mandated by the FLSA.

30. Defendant's failure and/or refusal to properly compensate Plaintiff at the rate and amounts required by the FLSA was willful.

31. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

32. Plaintiff readopts and reincorporates paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

33. At all material times hereto, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

34. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

35. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

36. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

37. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

Case 3:16-cv-00556  Document 1  Filed 03/11/16  Page 6 of 9 PageID #: 6

38. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

39. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

40. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4 with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II – DECLARATORY RELIEF

41. Plaintiff readopts and reincorporates paragraphs 1 through 31 of the Complaint as if fully set forth herein.

42. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

43. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

44. Plaintiff may obtain declaratory relief.

45. Defendant employed Plaintiff.

46. Defendant is an enterprise.

47. Plaintiff was individually covered by the FLSA.

48. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

49. Defendant did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

50. Defendant did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

51. It is in the public interest to have these declarations of rights recorded.

52. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

53. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

54. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

   a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

   c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Awarding Plaintiff pre-judgment interest;

   f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this the 11th day of March, 2016.

                              Respectfully Submitted,
                              MARLON D. NICHOLSON, PLAINTIFF

                              */s/ Kathryn E. Barnett*
                              **KATHRYN E. BARNETT, ESQ.**

                              Kathryn E. Barnett, Esq. (TBN#: 15361)
                              MORGAN & MORGAN NASHVILLE, PLLC
                              810 Broadway, Suite 105
                              Nashville, TN 37203
                              Phone: 615-490-0943
                              Fax:    615-524-1749
                              Email: kbarnett@forthepeople.com

                              **ATTORNEY FOR PLAINTIFF**